J-S54033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE R. PECK | : | |
| | : | |
| Appellant | : | No. 366 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-SA-0000220-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 19, 2019**

Appellant, Lawrence R. Peck, appeals from the February 21, 2019 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his conviction of Driving While Operative Privilege is Suspended or Revoked—DUI Related, 75 Pa.C.S. § 1543(b)(1).  On appeal, Appellant challenges the court's evidentiary ruling precluding Appellant's witness, Katherine Schell, from testifying.  After careful review, we affirm.

The facts, as gleaned from the Notes of Testimony and the trial court's Rule 1925(a) Opinion, are as follows.  On the evening of January 30, 2018, Pennsylvania State Police Trooper Ricardo Carrera approached a Honda Odyssey van registered to Appellant, which was stopped in a residential

neighborhood. The encounter resulted in the Commonwealth charging Appellant with the above offense.[1]

On August 8, 2018, the magistrate court convicted Appellant. On August 14, 2018, Appellant filed a Notice of Appeal from his summary conviction.

On January 29, 2019, Appellant appeared before the trial court for a *de novo* Summary Appeal Hearing. At the hearing, Trooper Carrera testified for the Commonwealth. Appellant and Appellant's son, Anthony Jones, testified on Appellant's behalf.

Relevantly, Trooper Carrera testified that he observed Appellant's vehicle enter a neighborhood, pull over, and park. He then testified that he observed Appellant exit the vehicle from the driver's seat. Trooper Carrera described approaching the van and observing the presence of at least three children and two adults in the van. In particular, Trooper Carrera observed a woman—later identified as Katherine Schell—in the front passenger seat. Trooper Carrera testified that Appellant, who was standing outside the vehicle, identified himself to Trooper Carrera. Trooper Carrera testified that he then returned to his patrol car and conducted a PennDOT record check with the information Appellant had provided. The record check revealed that Appellant's license was suspended.

---

[1] Appellant has ten prior DUI convictions.

In Appellant's defense, Jones and Appellant both testified that Schell, and not Appellant, had been driving the vehicle. They explained that their organization, Urban Works, had hired Schell to drive because of Appellant's driving record. Both Jones and Appellant offered testimony that the vehicle had been parked for a few minutes before Trooper Carrera approached it. They explained that, during those few minutes, the people inside the van said a prayer, and Appellant and Schell switched seats so that Appellant could assist Schell in disengaging the trunk latch.[2] In sum, Appellant did not dispute that he was aware of his license suspension arising from a DUI conviction. Appellant only disputed that he had been operating the vehicle encountered by Trooper Carrera.

Appellant attempted to call Schell as a witness. As an offer of proof, Appellant's counsel indicated that Schell would testify that Urban Works had hired her as a driver and that she could not recall any instances in which she had been a passenger in the vehicle while Appellant was driving. Counsel conceded that Schell did not have any independent recollection of being in the vehicle on the evening in question. Accordingly, the Commonwealth objected to Schell testifying on relevance grounds. Appellant did not assert that Schell's testimony was admissible pursuant to any rule of evidence. In fact, in response to the Commonwealth's objection and the court's ruling that

---

[2] Appellant and Jones offered conflicting testimony about how Appellant and Schell changed seats. How the testimony conflicted is not germane to the instant appeal.

"[w]ithout there being specific testimony on the day in question, [Schell's testimony doesn't qualify as relevant,]" Appellant's counsel replied that he "understood." N.T., 1/29/19, at 11. The trial court sustained the objection, thereby precluding Schell from testifying.

Finding the testimony of Trooper Carrera credible, and noting the inconsistencies in the testimony of Appellant and Jones, the trial court convicted Appellant. The court sentenced Appellant to a term of 90 days' to 6 months' incarceration. Appellant filed a timely Motion for Reconsideration of Sentence in which he raised an illegal sentence claim. The trial court granted the Motion and, on February 21, 2019, resentenced Appellant to a flat sentence of 90 days' incarceration.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> In a prosecution for Driving Under Suspension, did not the court err in sustaining the Commonwealth's objection to [Appellant's] proffer of testimony from Katherine Schell, when the witness did not have an independent recollection of driving the vehicle on the date in question, but would have described that it was both her habit and the routine practice of [Appellant's] organization for her to serve as driver?

Appellant's Brief at 4.

Before we reach the merits of Appellant's claim, we consider whether he has preserved it. Our review of the Notes of Testimony from Appellant's Summary Appeal Hearing indicate that Appellant did not timely preserve this claim before the trial court. Instead, Appellant raised this claim for the first

- 4 -

time in his Rule 1925(b) Statement. An appellant cannot raise an issue for the first time in a Rule 1925(b) statement. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for the first time in a Rule 1925(b) Statement are waived); *see also* Pa.R.A.P. 302(a); *Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007) (new legal theories generally cannot be raised for the first time on appeal). By failing to place this argument on the record contemporaneously with the trial court's ruling, Appellant has waived it. *See Commonwealth v. McGriff*, 160 A.3d 863, 868 (Pa. Super. 2017) (finding issue waived for failure to make a timely and specific objection at time of witness's testimony).

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2019